UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

READYMIX ABU DHABI, LTD.,

    Plaintiff,

vs.                                              CASE NO._____

ROPE CORP. d/b/a FIRST CHOICE
MARINE SUPPLY d/b/a ROPE
WAREHOUSE & INDUSTRIAL
SUPPLY, and DREYFUS-CORTNEY,
INC., d/b/a DREYFUS-CORTNEY-LOWERY,

    Defendants.
_____/

## COMPLAINT

Plaintiff, READYMIX ABU DHABI, LTD., sues Defendants, ROPE CORP. d/b/a FIRST CHOICE MARINE SUPPLY d/b/a ROPE WAREHOUSE & INDUSTRIAL SUPPLY and DREYFUS-CORTNEY, INC. d/b/a DREYFUS-CORTNEY-LOWERY, and alleges as follows:

### PARTIES

1. Plaintiff, ReadyMix Abu Dhabi, Ltd. is a foreign corporation with its principal place of business in Abu Dhabi, United Arab Emirates.

2. Defendant Rope Corp. is a Florida profit corporation with its principal place of business located in Tampa, Hillsborough County, Florida.

3. Defendant Rope Corp. operates under two fictitious names registered in the State of Florida, doing business as First Choice Marine Supply and Rope Warehouse and Industrial Supply.

4. Defendant Dreyfus-Cortney, Inc. is a Delaware corporation with a principal place of business in New Orleans, Louisiana, and does business as Dreyfus-Cortney-Lowery.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the Plaintiff is a citizen of a foreign state and Defendants are citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1333 as the subject matter of the claim falls within maritime tort jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1392(b) as the substantial part of the events forming the present claims occurred within this district.

## FACTS COMMON TO ALL COUNTS

8. The DAR 1 and DAR 2 were 122.46m long with a breadth of 24.38m and 8,365 gross tonnage.

9. On October 17, 2007, ReadyMix Abu Dhabi, Ltd. purchased the barges DAR 1 and DAR 2 and accepted delivery of the barges in Tampa, Florida.

10. ReadyMix Abu Dhabi, Ltd. purchased the barges in Tampa, Florida with the intention of towing the barges to Abu Dhabi, U.A.E. for use in its business.

11. Representatives of ReadyMix Abu Dhabi, Ltd. surveyed the barges prior to purchase to determine the requirements for the tow from Tampa to Abu Dhabi.

12. Following inspection of the existing equipment on the barges, ReadyMix Abu Dhabi, Ltd. in conjunction with the barges' warranty surveyor, determined what equipment and modifications were required for the tow.

13. In December, 2007, the barges DAR 1 and DAR 2 were modified, repaired, and outfitted for the intended voyage at a shipyard located in Tampa, Florida.

14. As part of the towage preparations, ReadyMix Abu Dhabi, Ltd. contacted Rope Corp. and met with a representative of Rope Corp. on December 7, 2007 regarding additional equipment required to be outfitted on the barges.

15. ReadyMix Abu Dhabi, Ltd. informed Rope Corp. that it required, amongst other items, three 55 ton towing shackles as part of the towing equipment to tow the DAR 1 and DAR 2.

16. Rope Corp. is a customer of Dreyfus-Cortney, Inc. and at all material times was in the business of selling rigging and towing equipment manufactured and/or sold by Defendant Dreyfus-Cortney, Inc. to customers in Tampa.

17. Dreyfus-Cortney, Inc. is engaged in the business of manufacturing and selling rigging and towing equipment and sells the equipment as its own to customers in the State of Florida through Rope Corp. and other marine suppliers.

18. Following Rope Corp.'s meeting with a representative of ReadyMix Abu Dhabi, Ltd., Rope Corp. contacted Dreyfus-Cortney, Inc. and ordered three 55 ton Lowery shackles for use in the tow.

19. Rope Corp. ordered the three shackles from Dreyfus-Cortney, Inc. and Dreyfus-Cortney, Inc. shipped the three shackles to Rope Corp.'s Tampa, Florida location.

20. Rope Corp. invoiced ReadyMix Abu Dhabi, Ltd. for the three shackles, amongst other items. Copies of the invoices are attached hereto as Exhibit "A".

21. ReadyMix Abu Dhabi, Ltd. paid the invoices and received the three purportedly 55 ton shackles.

22. The shackles received by ReadyMix Abu Dhabi, Ltd. were manufactured, sold and held out as its own product and certified by Dreyfus-Cortney, Inc. The certificate of conformance for the three Lowery 55 ton towing shackles on December 19, 2007 is attached hereto as Exhibit "B".

23. On January 12, 2008 towing preparations using the three 55 ton shackles were complete, and the tow was approved by the warranty surveyor.

24. The barges DAR 1 and DAR 2 were towed from Tampa, Florida to Freeport, Bahamas, arriving on January 15, 2008.

25. From January 15, 2008 until March 26, 2008 the DAR 1 and DAR 2 remained in Freeport, Bahamas for additional work, preparation for the next leg of the tow from the Bahamas to Abu Dhabi, and to await the arrival of a new tug.

26. While in Freeport, the towing configuration was modified from a double or tandem towing configuration to a single tow owing to the requirements of the hired tug.

27. The modifications included outfitting a larger chafe chain on the bow of DAR 1.

28. During the modification of the chafe chain, one of the three Lowery 55 ton shackles purchased from Rope Corp. and manufactured by Dreyfus-Cortney, Inc. was placed

at the end of the chafe chain on the bow of the DAR 1, connecting the chafe chain to the Tug's towline.

29. On March 28, 2008 the DAR 1 and DAR 2 departed Freeport, Bahamas under the tow of the Tug THUNDERER. THUNDERER's tow line was connected to DAR 1, which was connected by a tow line to DAR 2.

30. The voyage plan called for the Tug and tow to proceed to Abu Dhabi by heading down the east coast of South America, then the west coast of Africa, rounding Cape Horn, then up the east coast of Africa until ultimately arriving in Abu Dhabi, making several intermediate stops for fuel.

31. On October 21, 2008 the DAR 1 and DAR 2 departed Durban, South Africa, enroute to the next intermediate stop of Mombasa, Kenya.

32. On the afternoon of October 22, 2008 while off the coast of South Africa, the Tug THUNDERER reported that it lost its tow connection to the DAR 1 and DAR 2.

33. The barges went adrift and drifted toward the South African coast.

34. The Tug THUNDERER attempted to reconnect the tow and in doing so determined that the shackle between the stretcher and chafe chain on DAR 1 failed.

35. On the morning of October 23, 2008 the DAR 1 and DAR 2 grounded on rocky beaches in the iSimangaliso Wetland Park, a UNESCO World Heritage site.

36. ReadyMix Abu Dhabi, Ltd. was ordered to remove the barges by the South African authorities and hired a salvage company to refloat the barges.

37. During the salvage of DAR 1, the failed shackle was recovered and was stamped Lowery, 2 ½, and WLL55.

38. The shackle was tested by a metallurgist who discovered the shackle failed due to pre-cracking, the metallurgical composition of the shackle, and other defects in the manufacturing process.

39. Salvage attempts for the recovery of the barges DAR 1 and DAR 2 failed, and both barges were total losses.

40. As a result of the shackle failure, ReadyMix Abu Dhabi, Ltd. was forced to become involved in legal disputes with third parties, including, but not limited to, the salvage company, the South African maritime authorities, and the owners of the Tug THUNDERER.

41. As a result of the legal disputes arising from the shackle failure, ReadyMix Abu Dhabi, Ltd. incurred attorney's fees and costs in those actions.

## COUNT I – STRICT LIABILITY

42. ReadyMix Abu Dhabi, Ltd. realleges and incorporates paragraph 1 through 41 of the Complaint as if fully stated herein.

43. Dreyfus-Cortney, Inc. manufactured and sold a 2 ½ inch 55 ton Lowery shackle to Rope Corp., who then sold the shackle to ReadyMix Abu Dhabi, Ltd. in the ordinary course of its business.

44. The 55 ton shackle became defective during the manufacturing process of the shackle.

45. The defective condition in the 55 ton Lowery shackle existed when it left the possession of Dreyfus-Cortney, Inc. and Rope Corp. and reached ReadyMix Abu Dhabi, Ltd. without any substantial change in the condition in which it was sold.

46. Because of the defect in the manufacture of the shackle, the shackle was incapable of meeting its designed working load limit specification and was unreasonably dangerous to the user.

47. The manufacturing defects in the Lowery 55 ton shackle manufactured and sold by Dreyfus-Cortney, Inc. and sold by Rope Corp. caused the shackle to fail during its normal and foreseeable use during the towage of the two barges.

48. The failure of the shackle directly and proximately caused substantial damage to property other than the shackle itself including, but not limited to, the loss of the barges DAR 1 and DAR 2 and all equipment carried thereon.

49. As a result of the failure of the shackle, ReadyMix Abu Dhabi, Ltd. has been damaged in the amount of the total loss of the barges DAR 1 and DAR 2, loss of use of the barges, loss of personal property aboard the barges, attorney's fees and costs associated with litigation with third parties as a direct result of the grounding and loss of the barges, and other incidental and consequential damages relating thereto.

WHEREFORE, ReadyMix Abu Dhabi, Ltd. demands judgment against Dreyfus-Cortney, Inc. and Rope Corp. for damages, prejudgment interest, costs, and any other and further relief this Court deems just in the premises.

### COUNT II – NEGLIGENCE OF DREYFUS-CORTNEY, INC.

50. ReadyMix Abu Dhabi, Ltd. realleges and incorporates paragraph 1 through 41 of the Complaint as if fully stated herein.

51. Dreyfus-Cortney, Inc. owed ReadyMix Abu Dhabi, Ltd. a duty to exercise reasonable care to:

(a) design the shackle such that it is not unreasonably dangerous;

(b) manufacture the shackle in such a way that it was not unreasonably dangerous; and

(c) test and inspect the shackle during and after the manufacturing process to determine its suitability for its intended use; and

52. Dreyfus-Cortney, Inc. breached the above duties by:

(a) Manufacturing a defective and unreasonably dangerous 55 ton shackle;

(b) Distributing a defective and unreasonably dangerous 55 ton shackle to ReadyMix Abu Dhabi, Ltd.;

(c) Selling a defective and unreasonably dangerous 55 ton shackle to ReadyMix Abu Dhabi, Ltd.;

53. The defective 55 ton shackle directly and proximately caused damages to ReadyMix Abu Dhabi, Ltd. including, but not limited to:

(a) The loss of the barges DAR 1 and DAR 2;

(b) Loss of all tangible personal property aboard the barges;

(c) attorney's fees and costs incurred in litigation with third parties resulting from the wrongful act of Dreyfus-Cortney, Inc.;

(d) Loss of use of the barges; and

(e) Other incidental and consequential damages.

WHEREFORE, ReadyMix Abu Dhabi, Ltd. demands judgment against Dreyfus-Cortney, Inc. for damages, prejudgment interest, costs, and any other and further relief this Court deems just in the premises.

## COUNT III – BREACH OF IMPLIED WARRANTY AS TO ROPE CORP.

54. ReadyMix Abu Dhabi, Ltd. realleges and incorporates paragraph 1 through 41 of the Complaint as if fully stated herein.

55. Plaintiff performed all conditions precedent to this action or the conditions have occurred.

56. Plaintiff relied upon Rope Corp.'s alleged skill and judgment to provide 55 ton towing shackles that were free of defects and suitable for use in the towing of the DAR 1 and DAR 2.

57. Rope Corp. impliedly warranted that the 55 ton shackles sold to ReadyMix Abu Dhabi, Ltd. were merchantable and fit for the ordinary purposes for which they were intended.

58. At least one of the three 55 ton shackles was delivered with a defect that occurred during the manufacturing process of the shackle resulting in a significantly lower safe working load for the shackle.

59. Rope Corp. breached the implied warranty of merchantability by selling the defective 55 ton shackle that was not merchantable or fit for the ordinary purposes for which it was to be used.

60. That as a result of Rope Corp.'s breach of the implied warranties of merchantability and fitness, the 55 ton Lowery shackle sold to ReadyMix Abu Dhabi, Ltd. failed in normal use, resulting in the total loss of the Barges DAR 1 and DAR 2, plus incidental and consequential damages related thereto.

WHEREFORE, ReadyMix Abu Dhabi, Ltd. demands judgment against Rope Corp. for damages, prejudgment interest, costs, and any other and further relief this Court deems just in the premises.

## JURY DEMAND

61.    Plaintiff Demands trial by jury.


Respectfully Submitted,

_____
Eric C. Thiel – FBN 016267
Allen von Spiegelfeld – FBN 256803
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Blvd., Suite 1500
Tampa, Florida  33602
Telephone: 813-221-1500
Facsimile:  813-222-3066
ethiel@bankerlopez.com
avonsp@bankerlopez.com

Attorney for Plaintiff,
READYMIX ABU DHABI, LTD.

# First Choice Marine Supply

Rope Warehouse & Industrial Supply
115 N. 20th Street
Tampa, Fl. 33605
Tel: (813) 223-7673
Fax: (813) 248-0751

# Invoice

| INVOICE # | 61965 |
|---|---|
| DATE | 12/20/2007 |

| BILL TO | SHIP TO |
|---|---|
| Ready Mix<br>ABV Dahabi Limted<br>c/o Fowler White Boggs, Banker<br>501 E Kennedy Blvd, Suite 1700<br>Tampa, FL 33602-5239, Attn-Eric Thiel | DAR-1<br>International Ship Repair |

| P.O. NUMBER | TERMS | REP | SHIP | VIA | FREIGHT |
|---|---|---|---|---|---|
| Jim Andrews | Wire Transfer | GG | 12/20/2007 | O/T | Prepay & Add |

| QUA... | B/O | ITEM | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 45 | | Miscellaneous | FT, 2" Grade 3 Anchor Chain (New) | 44.17 | 1,987.65 |
| 2 | | Miscellaneous | 2" 55 Ton Galvanized Wide Mouth Towing Shackle (Lowery, w/ Flat Pin) | 1,149.23 | 2,298.46 |
| 1 | | Miscellaneous | Inflatable Anchor Buoy (60") | 89.00 | 89.00 |
| 1 | | Freight | Freight Charges | 245.00 | 245.00 |
| | | | Florida Sales Tax 7% | 7.00% | 0.00 |

**Total**   $4,620.11

Received by:              Delivered by:              Pulled:

A Finance Charge of 1-1/2% per month (18% per annum) will be charged on deliquent invoices.


EXHIBIT A

# First Choice Marine Supply

Rope Warehouse & Industrial Supply

115 N. 20th Street
Tampa, Fl. 33605
Tel: (813) 223-7673
Fax: (813) 248-0751

# Invoice

| INVOICE # | 61972 |
|---|---|
| DATE | 12/20/2007 |

| BILL TO |
|---|
| Ready Mix<br>ABV Dahabi Limted<br>c/o Fowler White Boggs, Banker<br>501 E Kennedy Blvd, Suite 1700<br>Tampa, FL 33602-5239, Attn-Eric Thiel |

| SHIP TO |
|---|
| Dar-2<br>International Ship Repair |

| P.O. NUMBER | TERMS | REP | SHIP | VIA | FREIGHT |
|---|---|---|---|---|---|
| Jim Andrews | Wire Transfer | GG | 12/20/2007 | O/T | Prepay & Add |

| QUA... | B/O | ITEM | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 45 | | Miscellaneous | FT, 2" Grade 3 Anchor Chain (New) | 44.17 | 1,987.65 |
| 1 | | Miscellaneous | 2" 55 Ton Galvanized Wide Mouth Towing Shackle (Lowery, w/ Flat Pin) | 1,149.23 | 1,149.23 |
| 1 | | Miscellaneous | Inflatable Anchor Buoy (60") | 89.00 | 89.00 |
| 1 | | Freight | Freight Charges | 245.00 | 245.00 |
| | | | Florida Sales Tax 7% | 7.00% | 0.00 |

**Total** $3,470.88

Received by:                    Delivered by:                    Pulled:

A Finance Charge of 1-1/2% per month ( 18% per annum ) will be charged on deliquent invoices.

Customer Name   Rope Warehouse & Marine
Address         115 N 20th Street
City, State, Zip   Tampa, Fl  33605



Certificate Form No.  194382
Customer P O No.   GG416974
Work Order No.  194382

DREYFUS • CORTNEY • LOWERY
MOORING • RIGGING

# CERTIFICATE OF CONFORMANCE

| Distinguishing number or mark (if any) | Description of Gear | Number | Date | Working Load Limit |
|---|---|---|---|---|
| LB 301 | 2-1/2" 55 Ton Galv. Towing Shackle Complete w/shackle pin & nut | 3 | 12/19/07 | 220T |

We hereby certify that the above described material was manufactured and processed in a manner compatible to meeting the specified load ratings when used under normal and proper applications.

Date  10/20/10            Signature  _Lisa D. Simoneaux_

EXHIBIT B